UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BETTIS,

    Plaintiff,

v.

SABRINA GASTON, EVELYN SMITH,
SARAH MELGAREJO, CATHY RYAN,
MARIKAW CARR, LANCE WELLS, AND
JOHN/JANE DOE 1–5 MARYVILLE FLOOR
STAFF,

    Defendants.

No. 25 CV 892

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Robert Bettis sues defendants Sabrina Gaston, Evelyn Smith, Sarah Melgarejo, Cathy Ryan, Marikaw Carr, Lance Wells, and unnamed staff from Maryville Academy for violations of the First, Eighth, Ninth, Tenth, Fourteenth, and Twenty-First Amendments to the U.S. Constitution, and for violations of the Illinois Abused and Neglected Child Reporting Act. The named defendants all move to dismiss for failure to state a claim. For the reasons discussed below, the motion is granted.

I.     Legal Standards

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

### III. Facts

Plaintiff Robert Bettis filed a complaint alleging that from March 7, 2013, to July 21, 2014, he was physically and sexually assaulted and abused by staff at Maryville Academy, where he was placed by the Illinois Department of Children and Family Services. [19] ¶¶ 1–7.[1] Despite repeated requests for intervention or relocation, he was ignored. [19] ¶ 7.

Bettis alleges that defendants Marikaw Carr physically assaulted him following a suicide attempt, Sabrina Gaston refused his request for transfer despite knowledge of "ongoing risk," Sarah Melgarejo failed to provide adequate mental health interventions or safeguards, Evelyn Smith "neglected her operational responsibilities, thereby facilitating an environment in which abuse could occur," and Lance Wells, a supervisor, negligently ignored Bettis's reports of abuse. [19] ¶ 8. Bettis also alleges that the unnamed defendants "directly participated in instances of abuse (physical, sexual, or psychological) even after Plaintiff alerted them to his need for assistance." [19] ¶ 8.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings. The facts are taken from plaintiff's first amended complaint, [19].

Bettis alleges that as a result, he has suffered panic attacks, suicidal ideations, severe anxiety, sleep deprivation, and other psychological and physical harms. [19] ¶ 9.

## IV. Analysis

### A. Two-Dismissal Rule

Defendants say that Bettis has already brought two previous actions based on the same claim and voluntarily dismissed both. They argue that this case is now barred by the two-dismissal rule.

Rule 41 states that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before a defendant answers or files a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). If a plaintiff voluntarily dismisses a case and then voluntarily dismisses "any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). The effect is what is known as the "two dismissal rule"—a second voluntary dismissal bars further litigation. *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 639 (7th Cir. 1987).

"By its own clear terms, the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal *nor to a dismissal by court order under Rule 41(a)(2).*" *Id.* at 640 (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2368, at 188 (1971)) (emphasis added); *see also Garrett v. United States*,

3

178 F.3d 940, 942 (7th Cir. 1999) ("Here, the dismissal was by court order, and Rule 41(a)(1) expressly does not apply to dismissals by court order.").

Defendants say that Bettis has voluntarily dismissed two cases based on the same claim, one in federal court and one in Illinois state court. They attach a court order from the Lake County Circuit Court as evidence that Bettis voluntarily dismissed the state court action. The order reads, [33-4]:

> This Cause coming before the Court for Plaintiff's Motion to Voluntarily Dismiss, due notice having being [sic] given, and the Court being fully advised on the premises, IT IS HEREBY ORDERED:
> 1. The claims and causes of action filed by Plaintiff Robert Bettis are hereby voluntarily dismissed in their entirety without prejudice and with each party to bear its own costs and attorneys' fees.

Because the dismissal in the Lake County Circuit Court was by court order, Rule 41(a)(1) does not apply. *Garrett*, 178 F.3d at 942. Since Bettis has not voluntarily dismissed two cases under Rule 41(a)(1), the two-dismissal rule does not apply.[2]

---

[2] In responding to defendants' arguments regarding the two-dismissal rule, Bettis cited *Dvorak v. Metropolitan Pier & Exposition Authority*, 941 F.3d 936 (7th Cir. 2019). As defendants point out, it appears that this case does not exist. Bettis also cited *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605 (7th Cir. 1989), which does not discuss the two-dismissal rule at all. Later in his brief, he cited to a quotation that does not exist in *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (a real case), and to *Williams v. Ramos*, 71 F.3d 1246 (7th Cir. 1995), which does not provide any support for his contention. Citations to non-existent cases or to false support in existing cases are hallmarks of generative artificial intelligence. *Jones v. Kankakee Cnty. Sheriff's Dep't*, __ F.4th __, 2026 WL 157661, at *2 (7th Cir. Jan. 21, 2026). "[A]ll litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Id.* at *3. While courts' "understanding of honest mistakes and common presentational foot faults will remain," a court filing will not be allowed "to include misrepresentations on legal or factual points that an unrepresented party reasonably knows or should know exist." *Id.* I warn Bettis that, in the future, if he submits filings in a court without exercising reasonable care to check the accuracy of his filings, he may be sanctioned. Based on the current available technology, relying on computer-generated language without verification is not reasonable care.

4

B.   **Statute of Limitations**

Defendants also argue that Bettis's suit is barred by the statute of limitations for personal injury actions, which is two years. Bettis says that the limitations period for childhood sexual abuse claims are twenty years from discovery, and so his claims are timely. 735 ILCS 5/13-202.2(b). Bettis also argues that if the two-year limitation applies, that it should be tolled because he was a minor at the time of the violation, because he had a disability, because the violation was a continuing violation, and because defendants fraudulently concealed information necessary to his suit.

Dismissal on statute of limitations grounds is proper on a motion to dismiss only when the plaintiff's allegations clearly establish that the claims are untimely. *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024).

   1.   *The applicable statute of limitations*

Bettis brings his claims through 42 U.S.C. § 1983. Federal law does not provide a limitations period for § 1983 claims, so I look to Illinois law to determine the applicable statute of limitations. *Id.* There is a two-year statute of limitations for personal injury actions in Illinois. 735 ILCS 5/13-202. Although Bettis says that there is a twenty-year statute of limitations on child sexual abuse claims, "the limitations period applicable to *all* § 1983 claims brought in Illinois is two years, as provided in 735 ILCS 5/13-202, and this includes § 1983 claims involving allegations of failure to protect from childhood sexual abuse." *Woods v. Ill. Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) (emphasis in original). The two-year statute of limitations applies to Bettis's claims.

5

  *2. Accrual*

 Federal law governs the accrual of § 1983 claims. *Ghelf v. Town of Wheatland*, 132 F.4th 456, 469 (7th Cir. 2025). A plaintiff's claim accrues when a plaintiff "knows or should know that his constitutional rights were violated." *Id.*; *see also Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) ("Accrual occurs when a plaintiff knows the fact and the cause of an injury.").

 Defendants say that Bettis's claims accrued on or around July 21, 2014, and therefore he had until July 21, 2016, to file his claims. Bettis says his claims did not accrue until he was "emancipated" in 2019. Bettis also contends that his claims did not accrue until he was released from Maryville, because the defendant's violations were "ongoing conditions that persisted daily until Plaintiff's removal." [36] at 4.

 Bettis's claims are based on abuse he allegedly endured from March 2013 to July 2014. Bettis's complaint also alleges that he reported this abuse and requested intervention or relocation and was ignored, and that defendants failed to protect him from the abuse. [19] ¶¶ 7–8. Bettis's reports to staff and requests for intervention or relocation show that he knew the fact and the cause of his injury when he made complaints while at Maryville. *Amin Ijbara*, 860 F.3d at 493. And his allegations show that he knew that his requests were ignored and the defendants failed to protect him when no action was taken to intervene or relocate him and he was further harmed. [19] ¶ 8. Because Bettis knew the fact of and cause of his constitutional violations by the time he left Maryville, his claims accrued in July 2014. The statute of limitations to bring his constitutional claims expired in July 2016.

6

Under the continuing-violation doctrine, a claim "accrues not just once but repeatedly as a defendant continually wrongs a plaintiff." *Ghelf*, 132 F.4th at 469 (quoting *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 823 (7th Cir. 2022)). Where a tort "involves continuous or repeated injurious behavior … the limitations period is held in abeyance and the plaintiff's cause of action does not accrue until the date the final injury occurs or the tortuous acts cease." *Logan v. City of Chicago*, 4 F.4th 529, 540 (7th Cir. 2021) (quoting *Taylor v. Bd. of Educ. of City of Chi.*, 2014 IL App (1st) 123744, ¶ 46). Assuming the defendants continually wronged Bettis by ignoring his reports and failing to protect him while he was in their care, those wrongs ended in July 2014 when Bettis was removed from Maryville Academy. Bettis himself argues that the violations were "ongoing until Plaintiff's removal." [36] at 4. The limitations period then began to run, and ended two years later, in July 2016. 735 ILCS 5/13-202.

### 3. Tolling

Bettis argues that even if his claims accrued in July 2014, his claims are timely because the statute of limitations was tolled because he was a minor at the time his claims accrued, because he has a disability, because the violations fall under the continuing-violation doctrine, and because the Illinois Department of Children and Family Services engaged in fraudulent concealment.

If a person entitled to bring an action is under the age of eighteen years old at the time the cause of action accrues, then the statute of limitations is tolled until two years after the person turns eighteen. 735 ILCS 5/13-211(a). Bettis turned eighteen

7

on October 29, 2019. [33] at 7. He alleges that he was abused in 2013 and 2014. Because he was a minor at the time his cause of action accrued, the statute of limitations was tolled until October 29, 2021. He filed this case in January 2025, over three years past that date. His claims are not timely.

Bettis also contends that the statute of limitations should be tolled because he has a "mild intellectual disability, PTSD, depression, and related disorders, conditions that impaired his ability to navigate the legal system without assistance." [36] at 4. When a plaintiff has a legal disability, the statute of limitations is tolled until the plaintiff is no longer disabled. 735 ILCS 5/13-211(a). Not all disabilities are legal disabilities. *Sille v. McCann Constr. Specialties Co.*, 265 Ill.App.3d 1051, 1054 (1st Dist. 1994). To have a legal disability, a person must be "incapable of managing [his] person or property and could not comprehend [his] rights or the nature of the act giving rise to [his] cause of action." *Brucker v. Mercola*, 227 Ill.2d 502, 543 (2007) (quoting *Bloom v. Braun*, 317 Ill.App.3d 720, 730–31 (1st Dist. 2000)). The "record must contain sufficient allegations of fact from which one could conclude that the person seeking to be found legally disabled was incompetent or suffered from serious mental disorder which made that person entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *In re Doe*, 301 Ill.App.3d 123, 127 (1st Dist. 1998). "In a personal injury case, a person is not legally disabled if he or she can comprehend the nature of the injury and its implications." *Id.*

8

While Bettis says that his disabilities impaired his ability to navigate the system, he has not made any allegations that he is without any understanding or capacity to make or communicate decisions regarding his person. He argues that through the Illinois Division of Rehabilitation Services, he has received continuing assistance including personal assistant services, housing subsidies, transportation vouchers, vocational rehabilitation, educational support, and disability counseling. Even if true, these services do not show that he had *no* understanding or capacity to make or communicate decisions regarding his person and that he is totally unable to manage his financial affairs. *Id.* Bettis was making Freedom of Information Act requests of the Illinois Department of Children and Family Services as early as 2019. [33-1] at 21–22, 61. The requests continued into 2022. [33-1] at 26, 28, 63. And as early as 2017, Bettis was emailing foster-care case managers, asking if there was any available money for him for food, living arrangements, and clothing. [33-1] at 54. Despite his impairments, he was able to advocate for himself and was able to, at the very least, communicate decisions about his person.

Bettis has also not made any allegations that he could not comprehend the nature of his injury and its implications. Instead, his complaint shows that he did understand the nature of his injuries, even soon after he had experienced the abuse. He reported the abuse to the defendants and requested a transfer or some sort of intervention while he was still living at Maryville. [19] ¶ 8.

Bettis was required to allege facts that show he was legally disabled. None of the allegations in the complaint do so. His arguments in his response brief, that he

9

has a "mild intellectual disability, PTSD, depression, and related orders," do not suggest a *legal* disability, especially in light of his active participation in investigating his case since he turned eighteen and his own allegations that he reported the abuse and requested a transfer or intervention—showing an understanding of the nature and implications of his injuries. [36] at 4. Because he has not alleged facts to support his contention that he suffered a legal disability, his conditions cannot toll the statute of limitations. *Doe*, 301 Ill.App.3d at 127–28.

Finally, Bettis contends that the Illinois Department of Children and Family Services engaged in fraudulent concealment, tolling the statute of limitations. He says that the Illinois Department of Children and Family Services "withheld records and obstructed Plaintiff's FOIA requests, directly delaying discovery of the full extent of injuries and identities of responsible actors." [36] at 4.

Under Illinois law, "[i]f a person liable to an action conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action." 735 ILCS 5/13-215. Fraudulent concealment acts as an exception to a statute of limitations. *Wisniewski v. Diocese of Belleville*, 406 Ill.App.3d 1119, 1154 (1st Dist. 2011). Generally, fraudulent concealment must be affirmative acts or representations that are "calculated to lull or induce a claimant into delaying filing of his claim or to prevent a claimant from discovering his claim." *Doe v. Boy Scouts of Am.*, 2016 IL App (1st) 152406, ¶ 81 (quoting *Wisniewski*, 406 Ill.App.3d at 1154). Silence is usually not enough to

establish fraudulent concealment, but where there is a "special relationship," like a fiduciary or someone in a position of trust and confidence, silence may be the basis for fraudulent concealment. *Wisniewski*, 406 Ill.App.3d at 1154–55; *Duba ex rel. Crest Hill Land Dev., LLC v. Keepsafe Pub. Storage, LLC*, 2025 IL App (3d) 230408, ¶ 54–55.

Absent a special relationship, a plaintiff must plead and prove that "(1) the defendant engaged in affirmative acts or representations intended to 'lull or induce' the plaintiff to fail to discover his claim, (2) knowing them to be false, (3) intending to deceive and (4) actually deceiving the plaintiff, and (5) upon which the plaintiff detrimentally relied." *Duba*, 2025 IL App (3d) 230408, at ¶ 54. Where there is a special relationship, there is a three-part inquiry: "(1) was there a special relationship between the parties; (2) did the defendant's acts or omissions amount to fraudulent concealment; and (3) did this fraudulent concealment prevent the plaintiff from discovering his claim." *Id.* ¶ 55 (quoting *Boy Scouts of Am.*, 2016 IL App (1st) 152406, at ¶ 85).

Bettis claims that the Illinois Department of Children and Family Services and its "contractors" withheld records and obstructed plaintiff's information requests. But the Illinois Department of Children and Family Services is not a defendant in this case, and Bettis makes no allegations that any defendant in the case was a "contractor" who withheld records or obstructed his information requests or otherwise withheld information from Bettis. *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 597 (7th Cir. 2001) ("Neither of the alleged concealers was 'a person liable

11

to an action' … and so their conduct cannot bring [the plaintiff] within the protection of the fraudulent-concealment statute."). Because none of the alleged concealers was liable to the action, fraudulent concealment does not apply.

Even if the defendants here are included in "contractors," fraudulent concealment does not apply. Assuming that there was a special relationship between Bettis and the Illinois Department of Children and Family Services and its contractors, and that the silence in response to his requests for information amounted to fraudulent concealment, Bettis has not alleged any facts that the fraudulent concealment prevented him from discovering his claim. A plaintiff cannot benefit from the fraudulent concealment doctrine where he "possesses sufficient information that provides actual or constructive notice to the cause of action, regardless of a fiduciary's silence." *Duba*, 2025 IL App (3d) 230408, at ¶ 57 (citing *Melko v. Dionisio*, 219 Ill.App.3d 1048, 1062 (2d Dist. 1991)). "[A]lthough the existence of a fiduciary relationship may excuse a plaintiff's failure to investigate diligently to ascertain facts that would put her on notice of possible injury, there is plainly a difference between the failure to *ascertain* facts through diligent inquiry and the failure to *act upon* facts of which the plaintiff *already* has knowledge." *Guarantee Tr. Life Ins. Co. v. Kribbs*, 2016 IL App (1st) 160672, ¶ 41 (quoting *Melko*, 219 Ill.App.3d at 1062) (emphasis in original). Bettis does not say that he did not know about the acts of abuse or that he did not know that he was injured by the acts of abuse. Instead, he only argues that the withholding of information delayed the discovery of the *full extent* of his injuries. [36] at 4. But a "cause of action accrues even though the full extent of the injury is

12

not then known." *Cielak*, 112 F.4th at 478. Bettis's "allegations unambiguously show he knew both the fact ([the abuse and the failure to address it]) and cause of his injury (defendants' [abuse and decision to keep Bettis at Maryville]) and thereby had a complete cause of action" by July 2014. *Id.*; *Duba*, 2025 IL App (3d) 230408, at ¶ 57.

As for the alleged failure to identify who caused his injuries, "Illinois courts have unequivocally construed [the fraudulent concealment statue] to reach only fraudulent concealment of the cause of action—not fraudulent concealment of the identity of the tortfeasor." *Smith v. City of Chi. Heights*, 951 F.2d 834, 935 (7th Cir. 1992) (collecting cases); *see also Guarantee Tr.*, 2016 IL App (1st) 160672, at ¶ 35 (fraudulent concealment applies only to "causes of action and not to the identity of a defendant"). Any withholding of names of potential defendants does not show fraudulent concealment.

Because the statute of limitations bars Bettis's claims, his claims for violations of the First, Eighth, Ninth, Tenth, Fourteenth, and Twenty-First Amendments to the U.S. Constitution are dismissed with prejudice. *LJM Partners, Ltd. v. Barclays Cap., Inc.*, __ F.4th __, 2026 WL 114648, at *5, *12–13 (7th Cir. Jan. 15, 2026) (affirming dismissal with prejudice of claims barred by the statute of limitations because amendment would be futile).

C. **Collective Limitations Defense**

Bettis claims that the defendants' "collective limitations defense is procedurally defective and prejudicial." [36] at 5. None of Bettis's cited cases support this argument. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) discusses what a *plaintiff*

13

must plead to give defendants notice of what the claim is. *Williams v. Ramos*, 71 F.3d 1246 (7th Cir. 1995) does not discuss whether certain defenses or doctrines are defendant-specific. And *Glasser v. United States*, 315 U.S. 60, 70–72 (1942) and *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978) discuss conflicts of interest when the same lawyer represents two co-defendants in a criminal case—and whether it is prejudicial to the *defendants*. *Holloway* makes clear that even in criminal cases, joint representation is not a per se violation of the constitutional guarantees of effective assistance of counsel. *Holloway*, 435 U.S. at 482. It is only when the defendants have conflicting interests that joint representation violates a criminal defendant's right to effective assistance of counsel. *Id.* at 483–84. But civil litigants have no constitutional right to effective assistance of counsel. *Black v. Wrigley*, 997 F.3d 702, 712 (7th Cir. 2021). And joint representation would be prejudicial to the defendants, *not* to Bettis. There is no support for Bettis's claim that collective defenses prejudice him and are procedural defective.

### D. Illinois Abused and Neglected Child Reporting Act

Defendants argue that I should relinquish jurisdiction of the state law claims. But I have discretion to retain jurisdiction when federal claims have dropped out: when "it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). Here, it is obvious how the state-law claim should be decided. The Illinois Abused and Neglected Child Reporting Act does not give rise to a private cause of action. *Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 514 (7th Cir. 2010); *Varela v. St. Elizabeth's Hosp. of Chi., Inc.*,

372 Ill.App.3d 714, 719, 723, 728–29 (1st Dist. 2006) ("Illinois state and federal courts have soundly rejected previous attempts to imply a private cause of action from the statutory language."); *Doe 1 ex rel. Tanya S. v. N. Cent. Behav. Health Sys., Inc.*, 352 Ill.App.3d 284, 288 (3d Dist. 2004). Because there is no private cause of action under the Illinois Abused and Neglected Child Reporting Act, any amendment would be futile, and Bettis's claims under the Act are dismissed with prejudice. *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 930 (7th Cir. 2025).

## IV. Conclusion

The defendants' motion to dismiss, [33], is granted. This action is dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: February 9, 2026